UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| GERARDO HERNANDEZ, | Case No. 19-cv-01813-LB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO SERVE DEFENDANT BY PUBLICATION** |
| SRIJA, INC., et al., | |
| Defendants. | Re: ECF No. 20 |

## INTRODUCTION

Plaintiff Gerardo Hernandez sued defendants Srija, Inc. (doing business as Subway #32364) and Carol Lynn Chang, Trustee of the Red Envelope Trust, under Title III of the Americans with Disabilities Act of 1990 for failure to make Subway #32364 wheelchair accessible.[1] Ms. Chang owns the lot where the Subway store is located.[2] Mr. Hernandez served Srija[3] and Srija answered the complaint.[4] Mr. Hernandez made several unsuccessful attempts to serve Ms. Chang with the summons and complaint and believes she is evading service. Mr. Hernandez contends that Ms.

---

[1] Compl. – ECF No. 1 at 1–2. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Decl. of Tanya E. Moore – ECF No. 20-1 at 2.

[3] Proof of Service – ECF No. 8.

[4] Srija Answer – ECF No. 12.

ORDER – No. 19-cv-01813-LB

Chang cannot be located with reasonable diligence.[5] Mr. Hernandez thus seeks to serve Ms. Chang by publication in a newspaper of general circulation in the City of San Carlos.[6]

The court can decide the matter without oral argument. N.D. Cal. Civ. L.R. 7-1(b). California Civil Procedure Code § 415.50(a) requires a plaintiff seeking to serve a summons by publication to demonstrate, "upon affidavit," that "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." As Mr. Hernandez has not filed a sworn affidavit demonstrating that he has a claim against Ms. Chang, the court denies without prejudice his application to serve Ms. Chang by publication.

## STATEMENT

Mr. Hernandez identified Ms. Chang as the owner of the lot by reviewing the Grant Deed for 744 El Camino Real in San Carlos, California (the location of the Subway store).[7] Mr. Hernandez also confirmed Ms. Chang's address by reviewing the Assessment Record for San Mateo County using the Subway store's address.[8]

Mr. Hernandez sought to effect service on Ms. Chang at her residence beginning April 8, 2019.[9] Mr. Hernandez hired a process server, County Process Services, to serve Ms. Chang.[10] County Process Services attempted service at Ms. Chang's residence fifteen times between April 9 and June 21, 2019.[11] Through these attempts, County Process Services noted that there were packages addressed to Ms. Chang on the front porch and a white Honda Accord and blue Honda van in the driveway.[12] County Process Services also conducted three stakeouts on varying days

---

[5] Mot. for Serv. by Pub. – ECF No. 20 at 1.

[6] Supplemental Mem. of P. & A. in Support of Mot. – ECF 20-1 at 4.

[7] Decl. of Tanya E. Moore – ECF No. 20-2 at 1–2 (¶ 2).

[8] *Id*. at 2 (¶ 2).

[9] Supplemental Mem. of P. & A. in Support of Mot. – ECF No. 20-1 at 4.

[10] Decl. of Tanya E. Moore – ECF No. 20-2 at 2 (¶ 3).

[11] *Id*. at 2-3 (¶¶ 4–12).

[12] *Id*. (¶¶ 4–11).

and times between July 9 and July 18, 2019 at her purported residence.[13] County Process Services conducted additional service attempts on July 19 and July 31, 2019.[14] On July 19, 2019, County Process Services requested a postal trace from the United States Post Office for the address associated with Ms. Chang.[15] On July 26, 2019, the postal-trace report stated that mail sent to Ms. Chang's address was deliverable.[16] County Process Services conducted two additional stakeouts on July 26 and August 3, 2019.[17] County Process Services attempted to serve Ms. Chang two final times on August 1 and 2, 2019.[18]

## ANALYSIS

**1. Governing Law**

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant using any method permitted by the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50. California Code of Civil Procedure § 413.30 also provides that a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party served." Courts in this district have authorized service by email under California Civil Procedure Code § 413.30. *See, e.g.*, *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3–4 (N.D. Cal. June

---

[13] *Id.* at 3 (¶ 15).
[14] *Id.* (¶ 17).
[15] *Id.* (¶ 16).
[16] *Id.* at 3-4 (¶ 18).
[17] *Id.* at 4 (¶¶ 19, 22).
[18] *Id.* (¶¶ 20–21).

25, 2018); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May 9, 2014); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012).

California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" specified in Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a). In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotations and citations omitted). And because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333.

Taking a few reasonable steps to serve a defendant does not necessarily mean that all "myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* A plaintiff will generally satisfy his burden through "[a] number of honest attempts to learn [a] defendant's whereabouts or his address" by asking his relatives, friends, acquaintances, or employers, and by investigating "appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137 (internal quotations omitted). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.* The reasonable-diligence inquiry is fact and case specific. *Id.* at 1137–38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula or mode of search can be said to constitute due diligence in every case.").

In addition to the reasonable-diligence requirement, a plaintiff seeking to serve a summons by publication must demonstrate "upon affidavit" that "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The plaintiff "must offer 'independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.'" *Cummings v. Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (quoting *McNamara v. Sher*, No. 11-cv-1344-BEN (WVG), 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)); *see also Zhang v. Tse*, Nos. C 07-4946 JSW, C 05-2641 JSW, 2012 WL 3583036, at *3 (N.D. Cal. Aug. 20, 2012) (collecting cases). The declaration must be signed by someone with personal knowledge of the essential facts. *Cummings*, 2016 WL 4762208 at *3 (denying the plaintiff's request for service by publication because the submitted declaration "d[id] not purport to be an affidavit, [was] not sworn, and d[id] not demonstrate counsel's personal knowledge of the facts at issue").

**2. Application**

Mr. Hernandez has not filed an affidavit demonstrating that he has a claim against Ms. Chang. Although he includes affidavits describing the lengths to which County Process Services and his attorney went to serve Ms. Chang, none of the affidavits provides "independent evidentiary support . . . for the existence of a cause of action against the defendant." The court thus denies without prejudice his application to serve Ms. Chang by publication. *Cf. Cummings*, 2016 WL 4762208, at *3.

Separately, while the court does not decide the issue here, it raises as a question whether Mr. Hernandez has demonstrated sufficiently that he cannot with reasonable diligence serve Ms. Chang in another manner. Ms. Chang allegedly owns the lot on which the Subway store is located, and thus presumably Srija leases its storefront from Ms. Chang and has to pay her rent. Mr. Hernandez does not say whether he asked Srija (which has appeared in this litigation) whether it has contact information for Ms. Chang, such as an email address, which might provide an alternative means for service. *Cf. Castillo-Antonio v. Azurdia*, No. C-13-05709 DMR, 2014 WL

4060219, at *3 (N.D. Cal. Aug. 14, 2014) (denying motion to serve summons and complaint by publication where plaintiff did not contact defendant's co-defendant for defendant's contact information); *see also, e.g.*, *Cisco*, 2018 WL 3109398, at *3–4 (authorizing service by email). Mr. Hernandez also does not say whether he tried to contact Ms. Chang by other means, such as calling her by phone or mailing her a copy of the summons and complaint, which may be relevant to (1) whether Mr. Hernandez has shown reasonable diligence, *cf. Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011) (finding that plaintiff exercised reasonable diligence where, among other things, it called the phone numbers attached to defendant's known addresses and sent the complaint by certified mail to defendant's known addresses) and (2) whether Ms. Chang has actual notice of the lawsuit and is evading service, thus bolstering the case for service by publication, *cf. Lucero v. IRA Servs., Inc.*, No. 18-cv-05395-LB, 2019 WL 2123576, at *3 (N.D. Cal. May 15, 2019) (observing that whether a defendant has actual knowledge of the lawsuit may be relevant to a motion to serve by publication). Should Mr. Hernandez renew his motion to serve the summons and complaint by publication (as opposed to in another manner), he may wish to address these issues in more depth.

## CONCLUSION

The court denies without prejudice Mr. Hernandez's application to serve Ms. Chang by publication.

**IT IS SO ORDERED.**

Dated: September 16, 2019

LAUREL BEELER
United States Magistrate Judge